UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| LOCALS 302 AND 612 OF THE INTERNANTIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND; et al., | ) ) ) ) ) ) | No. C08-1527-BAT ORDER GRANTING PLAINTIFFS'MOTION FOR SUMMARY JUDGMENT |
| Plaintiffs, | ) | |
| v. | ) ) | |
| FRED HILL MATERIALS, INC., a Washington Corporation, | ) ) ) | |
| Defendant. | ) | |

Before the Court is plaintiffs' motion for summary judgment. Dkt. 6. Plaintiffs filed the motion on December 31, 2008 and noted it for January 23, 2009. Defendant has not filed a Response.

For following reasons, the Court hereby ORDERS:

1. Plaintiffs' Motion for Summary Judgment (Dkt. 6) is GRANTED;

2. Judgment is awarded in favor of Plaintiffs' Trust Fund against defendant in the amounts hereinafter listed, which amounts are due to plaintiffs for the employment period of August 2008 and October 2008;

    a.    $8,559.01 for liquidated damages;

    c.    $897.03 for interest;

ORDER GRANTING
SUMMARY JUDGMENT - 1

1     d.  $758.00 for attorneys' fees; and

2     e.  $455.10 for costs.

  Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

  Defendant has not filed a brief in opposition to plaintiffs' motion for summary judgment as Local Rule CR 7(b)(2) requires. Accordingly, the Court may deem defendant to have admitted that the motion has merit. Even if the Court does not make this assumption, defendants have not submitted to the Court any facts demonstrating a genuine issue for trial. *See Anderson*, 477 U.S. at 248. Thus, summary judgment is appropriate if plaintiffs have shown that they are entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

  Plaintiffs, unincorporated associations operating as Trust Funds, initiated this action on October 16, 2008, when they filed a complaint to collect trust funds and dues. Dkt. 1. On November 24, 2008, defendant, Fred Hills Materials, Inc., filed its Answer. Dkt. 5. Defendant

admits it is bound to a collective bargaining agreement with Local 302 and that the agreement speaks for itself. *Id.* Defendant also admits it failed to report for and pay to plaintiffs some amounts due, and that plaintiffs are entitled to some of the relief requested. *Id.* at 2-3.

In their motion for summary judgment, plaintiffs represent that defendant is bound to a collective bargaining agreement that requires defendant to promptly and fully report for and pay monthly contributions to plaintiffs' Trust at specific rates, and to pay liquidated damages equal to 12% of all delinquent and delinquently paid contributions to the trust, interest accruing upon such delinquent contributions, and attorney's fees, and costs the Trust incurred in connection with defendant's unpaid obligations. Dkt. 7 at 2-3. Plaintiffs further represent that defendants made delinquent payments for the employment period August 2008 through October 2008; that this failure obligates defendants to pay liquidated damages in the amount of $8,599.01, interest in the amount of $897.03, attorney fees of $768.00 and costs of $455.10. *Id.*

Defendant has not submitted anything disputing plaintiffs' representations. As defendant has failed to present to the Court any facts demonstrating a genuine issue for trial, the Court concludes summary judgment is appropriate and grants Plaintiffs' motion.

The Clerk is directed to send copies of this Order to all parties of record.

DATED this 18th day of February, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING
SUMMARY JUDGMENT - 3